UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SAMI KALEVA KIVINEN, Petitioner | CIVIL ACTION NO. 1:20-CV-347-P |
| VERSUS | JUDGE DRELL |
| WILLIAM P. BARR, *ET AL.*, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF Nos. 1, 7) filed by *pro se* Petitioner Sami Kaleva Kivinen ("Kivinen"). Kivinen is a detainee in the custody of the Department of Homeland Security ("DHS") and Bureau of Immigration and Customs Enforcement ("ICE"), presently detained at the Pine Prairie ICE Processing Center in Pine Prairie, Louisiana.

Because Kivinen's claim is premature, the Petition (ECF Nos. 1, 7) should be DISMISSED WITHOUT PREJUDICE.

I. **Background**

Kivinen is a native and citizen of Finland. ECF. No. 1 at 3. He entered the United States as a lawful permanent resident in 1995. *See id.* Kivinen states that he was convicted of aggravated assault in 2017. *See id.* When his sentence was completed, Kivinen was taken into ICE custody and subsequently ordered removed. ECF No. 1 at 4. Kivinen appealed the order of removal to the Board of Immigration Appeals ("BIA"), which dismissed the appeal on December 5, 2019. ECF No. 1 at 4; No. 1-2 at 2.

II.   Law and Analysis

Although ICE has 90 days to remove an alien after he is ordered removed, the Supreme Court has held that 8 U.S.C. § 1231 permits the detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001); 8 U.S.C. § 1231(a)(1)(A). Detention for up to six months after the removal order becomes final is presumptively reasonable. *Id.*

After six months, however, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing. The six-month presumption does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701.

Because Kivinen appealed the order of removal to the BIA, his order of removal did not become final until the BIA dismissed the appeal on December 5, 2019. *See* 8 C.F.R. § 1241.1. Therefore, Kivinen has not yet been in post-removal order custody beyond the presumptively reasonable six-month removal period established by *Zadvydas*. Therefore, Kivinen's *Zadvydas* claim should be dismissed as premature. *See Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011); *Kaijage v. Johnson*, 3:19-CV-294, 2019 WL 2290001, at *2 (N.D. Tex. Apr. 17, 2019), *report and recommendation adopted*, 2019 WL 2287858 (N.D. Tex. May 29, 2019); *Saeku v.*

*Johnson*, 1:16-CV-155, 2017 WL 4075058, at *3 (N.D. Tex. Sept. 14, 2017); *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).[1]

### III. Conclusion

Because his claim is premature, Kivinen's Petition (ECF Nos. 1, 7) should be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party

---

[1] Moreover, even if Kivinen had been in custody beyond the presumptively reasonably removal period, he has provided nothing more than a conclusory allegation that there is no significant likelihood his of removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701; *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) (aliens must present sufficient evidence establishing that there is no significant likelihood of removal in the reasonably foreseeable future, and not merely offer conclusory statements).

from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 15th day of May 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE